IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Wesley L. Givens, | ) | Case No. 9:24-cv-00765-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Joseph Canning, Hingleton, Lt. Cleveland, Lt. Ramp, Lt. Allen, Lt. Campisi, Lt. Burkett, Lt. Swisher, Sgt. Jones, Sgt. Beach, Sgt. Miles Perkins, Officer Peterson, Officer Fleshman, Officer Budd, Mr. Oberman, Nurse Shelby Worde, | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court upon allegations that Plaintiff's civil rights have been violated. ECF No. 2. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Molly H. Cherry for pre-trial proceedings and a Report and Recommendation ("Report"). On November 7, 2024, Defendant Jones filed a motion to dismiss. ECF No. 37. On February 3, 2025, the remaining Defendants[1] filed a motion for summary judgment. ECF No. 53.

---

[1] The Magistrate Judge notes that Jones appears in the docket text as joining in the motion for summary judgment but does not appear in the motion itself. ECF No. 70 at 1 n.1. In their objections, Defendants ask that he be considered as joining in the motion for summary judgment. ECF No. 80 at 2. This will be addressed below.

Plaintiff did not respond to either motion.[2]  On July 28, 2025, the Magistrate Judge issued a Report recommending that the motion to dismiss be denied and that the motion for summary judgment be granted in part and denied in part.  ECF No. 70.  The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences for failing to do so.  Defendants filed objections.[3]  ECF No 80.[4]

## APPLICABLE LAW

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *See Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).  The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating

---

[2] Prior to the Report, Plaintiff filed a motion for mediation, which will be addressed below.  ECF No. 65.

[3] Since the issuance of the Report, Plaintiff has filed a letter.  ECF No. 81.  This document will be addressed below.

[4] The Court notes that this ruling come prior to the deadline to file a reply to the objections.  The Court is of the opinion that a reply would serve no meaningful purpose in part because none of Defendants' objections are being sustained.

2

that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## ANALYSIS

The Court first addresses Plaintiff's motion and letter.  ECF Nos. 65, 81.  In ECF No. 65, Plaintiff states that he has "fulfilled all necessary steps" and that his case "should move forward."  He further requests that Defendants be directed to engage in mediation. *Id.*  The Court notes that Plaintiff put six case numbers in the caption; thus, it is difficult to interpret what relief he is seeking in each case.  At this procedural posture, his motion for mediation is denied with leave to refile in the event that his claims survive summary judgment.  In ECF No. 81, Plaintiff lists only this case number.  He titles the document as "motion for trial."  *Id.*  He appears to take issue with Defendants' motion for extension of time to file objections.  *Id.*  The Court notes that while he has listed one case number, Plaintiff filed substantially similar documents in his other cases.  The extension requested by Defendants was granted upon a showing of good cause.  *See* Fed. R. Civ. P. 6(b). Thus, any request for relief in this document is denied.

As to Defendant Jones's motion to dismiss, upon de novo review, the Court agrees with the Magistrate Judge that Plaintiff has alleged specific facts with respect to his involvement.  Accordingly, Defendants' objections are overruled, and the motion to dismiss is denied.  The Court further declines to consider the remaining objections as being brought on his behalf because, as explained below, Defendants will have another opportunity to file a dispositive motion.

The Court next turns to the portions of the Report to which no party has objected. The Magistrate Judge recommends granting the remaining Defendants' motion for summary judgment as to Plaintiff's claims pursuant to 42 U.S.C. § 1983 against the remaining Defendants in their official capacities; Plaintiff's claim for sexual contact on February 14, 2023, against Ramp; any claim for bystander liability against Cleveland for events on February 14, 2023; Plaintiff's claim for excessive force pertaining to event on February 24, 2023, against Burkett; Plaintiff's claim for bystander liability for events that occurred on February 24, 2023, against Canning, Campisi, Beach, and Oberman; Plaintiff's claim for deliberate indifference to serious medical needs against Worde and Oberman; Plaintiff's state law claim for negligence; and Plaintiff's state law claim for assault and battery except as to Cleveland, Perkins, and Fleshman.  No party has objected to these findings.  Accordingly, upon review for clear error, the Court agrees with the recommendation of the Magistrate Judge.  Thus, the remaining claims are excessive physical force against Defendant Cleveland from February 14, 2023;  excessive force against Defendants Perkins, Fleshman, and Jones from February 24, 2023; bystander liability claims against Defendants Hingleton, Swisher, Peterson, Budd, and Allen from the February 24, 2023, incident; and state law claims for assault and battery against Defendants Cleveland, Perkins, Fleshman, and Jones stemming from those same incidents as his surviving § 1983 claims.[5]

---

[5] The Court is of the firm opinion that Plaintiff's filing after the issuance of the Report should not be considered objections.  However, the Court would have reached the same conclusions with respect to these claims even if its review had been de novo.

4

The Court now turns to the remainder of the motion for summary judgment, which it has considered de novo. The Court notes the unusual procedural posture of this case: Plaintiff did not file a response to the motion for summary judgment, the attorney now representing Defendants was not the attorney who drafted the motion for summary judgment, and Defendants are now presenting new evidence in support of their objections. In light of the seriousness of the allegations and the peculiar history of this case, the Court is of the opinion that allowing a full and complete motion for summary judgment to be fully briefed and analyzed in the first instance by the Magistrate Judge is the most appropriate action in this case. Accordingly, as to the remaining claims against Defendants Cleveland, Perkins, Fleshman, Jones, Hingleton, Swisher, Peterson, Budd, and Allen, Defendants are directed to file a supplemental motion for summary judgment, including all supporting documents available to them. The Court will not look kindly on any further attempts to present new evidence in objections without a full explanation as to why this information was not previously available to them. *See Rousselle v. Gov't of Honduras*, No. 2:25-CV-00539-RMG, 2025 WL 892551, at *2 (D.S.C. Mar. 24, 2025) ("[A]ttempts to introduce new evidence after the magistrate judge has acted are disfavored," though the district court may allow it "when a party offers sufficient reasons for so doing." (quoting *Caldwell v. Jackson*, 831 F.Supp.2d 911, 914 (M.D.N.C. 2010) (alteration in original))). **The Court also takes this opportunity to warn Plaintiff that failure to file a timely response in opposition to Defendants' dispositive motion may result in dismissal of this action for failure to prosecute or comply with an**

**order of the Court pursuant to Federal Rule of Civil Procedure 41(b).** Defendants are directed to file such supplemental dispositive motion within 21 days.

## CONCLUSION

After considering the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court agrees in part and respectfully declines to agree in part with the recommendation of the Magistrate Judge. Defendant Jones's motion to dismiss [37] is **DENIED**. The remaining Defendants' motion for summary judgment [53] is **GRANTED in part and FOUND as MOOT in part** with leave to refile within 21 days.[6] This matter is recommitted to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

September 26, 2025
Spartanburg, South Carolina

---

[6] Plaintiff's motion [65] is **DENIED** without prejudice.