IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Wesley L. Givens, | ) | Case No. 9:24-cv-00765-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Hingleton, Lt. Cleveland, Lt. Allen, Lt. | ) | |
| Swisher, Sgt. Jones, Sgt. Miles Perkins, | ) | |
| Officer Peterson, Officer Fleshman, | ) | |
| Officer Budd, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

This matter is before the Court upon Plaintiff's pro se Complaint. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Molly H. Cherry for pre-trial proceedings and a Report and Recommendation ("Report"). On October 21, 2025, Defendants filed a supplemental motion for summary judgment. ECF No. 95. On October 22, 2025, this Court issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975), advising Plaintiff of the summary judgment/dismissal procedure and the possible consequences for failing to respond adequately. ECF No. 96. Plaintiff filed a response to a previous motion to dismiss, which had already been ruled on. ECF No. 99. On November 12, 2025, the Magistrate Judge noted that he appeared to be responding to a prior motion and directed Plaintiff to either inform the Court that he intended this response as a response to the pending motion for summary judgment or file a response to the

motion for summary judgment by December 3, 2025.  ECF No. 100.  Plaintiff has not filed any document with the Court since the issuance of the text order.  On February 20, 2026, the Magistrate Judge issued a Report recommending that this action be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.  ECF No. 102.  The Magistrate Judge advised the Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences for failing to do so.  Plaintiff did not file objections to the Report, and the time to do so has lapsed.

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *See Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).  The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

After considering the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court finds no clear error and agrees with the recommendation of

the Magistrate Judge.  Accordingly, this action is **DISMISSED** pursuant to Federal Rule of Civil Procedure 41(b).[1]

    IT IS SO ORDERED.

                  s/ Donald C. Coggins, Jr.
                  United States District Judge

April 22, 2026
Spartanburg, South Carolina

---

[1] The supplemental motion for summary judgment [95] is **FOUND as MOOT**.